**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                        NO. 4:04CR00229 JLH

DEBORAH EDWARDS and
NATHANIEL J. JENNINGS                                            DEFENDANTS

## <u>ORDER</u>

The Court has reviewed the Proposed Findings and Recommendations received from Magistrate Judge Jerry Cavaneau and the objections filed in response, and has further reviewed the relevant record *de novo*.  The Findings and Recommendations are adopted in their entirety as this Court's findings.

In its objections to the Proposed Findings and Recommendations, the United States of America cites *United States v. Santos-Garcia*, 313 F.3d 1073 (8th Cir. 2002), as well as other cases.  The United States argues that the actions of Sergeant Kyle Drown here were identical to the actions of Trooper Ayers of the Nebraska State Police in *Santos*, and that since the Eighth Circuit found that Trooper Ayers did not violate Santos's constitutional rights, Sergeant Drown cannot have violated Jennings' and Edwards' constitutional rights. This argument apparently was not presented to Magistrate Judge Cavaneau so, despite the fact that the Court adopts Judge Cavaneau's findings and recommendations in *toto*, the Court will also explain why it believes that *Santos* is not controlling.

*Santos* affirmed the finding of the district court that, after the completion of the traffic stop, the encounter between Santos and Trooper Ayers was consensual.  The Eighth Circuit held that there is no litmus test for determining whether an encounter is consensual

or constitutes a seizure, although it listed certain circumstances that are indicative of a seizure.  The court held that Santos was no longer seized within the meaning of the Fourth Amendment after Ayers returned his identification and issued a warning ticket.  *Id.* at 1078. Although, as Judge Cavaneau noted, this is a close case, the Court is satisfied that Judge Cavaneau correctly found that the involuntary detention of Jennings and Edwards by Sergeant Drown continued after the traffic stop had been concluded.  From a review of the videotape, it is apparent that no reasonable person in the position of Jennings would have believed that he was free to go after Sergeant Drown told him that he was issuing a warning.  Sergeant Drown had ordered Jennings to sit in his police car.  He conversed with him in the car, told him that he was issuing a warning, and then proceeded to request permission to search the vehicle without any type of interval or interlude nor any suggestion or any other indication from which a reasonable person in Jennings' position would conclude that he was free to exit the squad car and return to his rented vehicle.  Obviously, Edwards would not have reasonably believed that she was free to leave so long as Drown kept Jennings in the squad car.

In *Santos*, the district court found as a factual matter that, after the initial traffic stop had been concluded, the encounter between Santos and Ayers was consensual.  The Eighth Circuit reviewed that fact finding for clear error.  *Id.* at 1077-78.  There, Santos signed a written consent to search form.  He then translated the request to search for his companion, who also consented.  Neither Santos nor his companion were ordered to sit in the squad car.  Santos was apparently standing outside during this entire time.  The district judge who heard the evidence found from that evidence that the encounter between Santos and Ayers, after the traffic stop had been concluded, was consensual.  Here, a

review of the videotape shows that the encounter between Drown and Jennings, as well as Edwards, at the conclusion of the initial traffic stop was not consensual.

With this supplement, as noted, the Court adopts the findings and recommendations of the Magistrate Judge in their entirety.

Accordingly, Defendant Edwards' motion (docket entry #53) is granted and Defendant Jennings' motion (docket entry #49) is granted as to the fruits of the search and denied as to his statement.

IT IS SO ORDERED this ___14th___ day of September, 2005.

_J. Leon Holmes_
_____
UNITED STATES DISTRICT JUDGE